# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| Daniel Michniak<br>119 Beal Rd.<br>Dilliner, PA 15327<br><br>     Plaintiff,<br><br>v.<br><br>Redline Recovery Services, LLC<br>c/o Lexisnexis Document Solutions, Inc.,<br>Registered Agent<br>701 Brazos St., Suite 1050<br>Austin, TX 78701<br><br>     Defendant. | Case No.<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT,<br>INVASION OF PRIVACY,<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the timeframe permitted under the FDCPA.

9. Prior to December 2007, Defendant telephoned Plaintiff multiple times.

10. In or around early December 2007, despite having Plaintiff's location information, Defendant telephoned Plaintiff's ex-wife ("Ex-wife") regarding the debt.

11. During the communication referenced in Paragraph 10, Defendant stated that Plaintiff owed over $3,000.00 on Plaintiff's Sears account.

12. During the communication referenced in Paragraph 10, Defendant stated that Plaintiff had not made a payment in over a year.

13. During the communication referenced in Paragraph 10, Defendant stated that Defendant would sue Plaintiff and issue a wage attachment against Plaintiff's wages.

14. On or around December 5, 2005, despite having Plaintiff's location information, Defendant telephoned Plaintiff's father regarding the debt.

15. During the communication referenced in Paragraph 14, Defendant stated that Plaintiff was past due on a debt.

16. On or around December 5, 2007, Plaintiff telephoned Defendant in response to the above-referenced communications.

17. During the communication referenced in Paragraph 16, Defendant belittled Plaintiff and called Plaintiff stupid.

18. During the communication referenced in Paragraph 16, Plaintiff informed Defendant that Plaintiff had retained an attorney for purposes of filing bankruptcy and provided the attorney's contact information.

19. On or around December 17, 2007, Defendant again telephoned Ex-wife regarding the debt.

20. Despite Plaintiff's notice of representation for bankruptcy, Defendant telephoned Plaintiff on numerous occasions in late December 2007 and January 2008.

21. Defendant damaged Plaintiff emotionally and mentally and caused substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

### COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

### COUNT SIX

**Violation of the Fair Debt Collection Practices Act**

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

### COUNT SEVEN

**Violation of the Fair Debt Collection Practices Act**

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

### COUNT EIGHT

**Invasion of Privacy by Intrusion upon Seclusion**

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

4

39. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

40. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

41. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT NINE

### Invasion of Privacy by Public Disclosure of a Private Fact

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's Ex-Wife and Father.

45. The disclosure of Plaintiff's debt and the threat of legal action to these parties is highly offensive.

46. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

47. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

48. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. For such other legal and/or equitable relief as the Court deems appropriate.

    RESPECTFULLY SUBMITTED,

    LEGAL HELPERS, P.C.

    By: */s/ Richard J. Meier*
        Richard J. Meier
        Attorney for Plaintiff
        LEGAL HELPERS, P.C.
        20 West Kinzie; Suite 1300
        Chicago, IL 60611
        Telephone: 1.866.339.1156
        rjm@legalhelpers.com